# United States District Court

### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH F. LANGSTON, JR. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1916-S |
| | § | |
| DALLAS COMMODITY COMPANY | § | |
| | § | |
| | § | |
| IN RE: | § | BANKRUPTCY CASE |
| | § | NO. 19-33022-SGJ7 |
| JOSEPH F. LANGSTON, JR. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the Amended Memorandum Opinion and Order Sustaining Objection to Debtor's Exemption of Individual Retirement Accounts ("Exemption Order") entered by the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") in the underlying bankruptcy. The Court has considered the Brief of Appellant ("Appellant's Brief") [ECF No. 6], Appellee's Brief [ECF No. 14], Appellant's Reply Brief ("Reply") [ECF No. 18], the record on appeal ("Record") [ECF No. 2], and the applicable law. For the following reasons, the Court **AFFIRMS** the Exemption Order.

## I. BACKGROUND

Appellant Joseph F. Langston, Jr. filed for Chapter 7 bankruptcy on September 6, 2019. Appellant's Br. 2. This appeal concerns the exemption of two of Appellant's individual retirement accounts ("IRAs"). *See id.* Appellant claimed a Roth IRA and a traditional Simplified Employee Pension IRA as exempt property under Texas Property Code § 42.0021 ("Exemptions"). *Id.* Appellant's IRAs are administered by Ola Investments, LLC, a Texas limited liability company managed by Appellant. *Id.* at 2, 15.

Pursuant to 11 U.S.C. § 341(a), the Trustee commenced a creditors' meeting on November 12, 2019. R. 35. The meeting was adjourned and continued on multiple occasions. *Id.* at 35-37. The last docket entry setting a date for a Section 341 creditors' meeting was the entry concerning the August 11, 2020, creditors' meeting. *Id.* at 37. And although there is no corresponding docket entry for a subsequent meeting, a Section 341 creditors' meeting was held on May 26, 2021. Appellant's Br. 11; R. 276-84.

The Trustee continued the May 26, 2021, creditors' meeting without a formal announcement as to the date of continuation. R. 279 ("I was hoping we could get it all done today, but . . . let's go ahead and conclude for today. Let's . . . gather back around probably in . . . a group e-mail and figure out what's going to be the best time to . . . complete this."). Appellant was to provide Appellee with amended documents before the next Section 341 creditors' meeting. *Id.* at 280 ("[H]e will get those amended, he'll get the documents to you and . . . we'll get a continued 341 Meeting date."). On February 16, 2022, counsel for Appellee Dallas Commodity Company emailed the Trustee requesting that he "not conclude the meeting of creditors in the Joseph F[.] Langston, Jr. personal bankruptcy case because [Appellee] need[ed] to obtain the documents and information described [in the email] and question [Appellant] about [the] same before the meeting of creditors is concluded." *Id.* at 264-66.

On March 9, 2022, approximately ten months after the May 26, 2021, creditors' meeting, the Trustee filed a docket entry in the underlying bankruptcy that stated: "Meeting of creditors held and concluded 5/26/2021. The case trustee has determined that there are assets in this case." *Id.* at 40. Within approximately two hours of the filing of the docket entry, counsel for Appellee emailed the Trustee and counsel for Appellant. *Id.* at 261-62. Appellee's counsel asked, "The docket entry . . . indicates that the meeting of creditors was closed on May 26, 2021. Did you mean

to close it as of today to start the 30-day deadline to object to exemptions?" *Id.* at 261. The Trustee responded, explaining that "[he] meant the time start[ed] [that day]. [He] want[ed] [Appellant] to have 30 days from [that day]." *Id.*

On April 8, 2022, Appellee filed objections to the Exemptions because Appellant allegedly engaged in one or more "prohibited transactions" under the Internal Revenue Code with his Ola-managed funds. *Id.* at 41, 209-10. Appellant responded to the objections on April 27, 2022. *Id.* at 41; Appellant's Br. 3. The Bankruptcy Court conducted an evidentiary hearing on the matter over two days on February 27, 2023, and April 26, 2023. R. 43-44; Appellant's Br. 4. At the February 27 hearing, Appellant argued that Appellee's objections were untimely. R. 1670-78. After hearing argument from the parties as well as the position of the Trustee, the Bankruptcy Court found that Appellee's objections were timely. *Id.* at 1670-86. On August 7, 2023, after the parties submitted post-hearing briefs, the Bankruptcy Court entered the Exemption Order sustaining Appellee's objections to the Exemptions.[1] *Id.* at 4-31, 45. Appellant timely appealed.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a). When reviewing a bankruptcy court's decision, the "district court functions as a[n] appellate court and applies the standard of review generally applied in federal court appeals." *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992) (citation omitted). "[R]eviewing courts—district and courts of appeals alike—must accept the findings of fact of the bankruptcy court unless the findings are clearly erroneous." *Coston v. Bank of Malvern (In re Coston)*, 987 F.2d 1096, 1098 (5th Cir. 1992)

---

[1] The Exemption Order amended the Memorandum Opinion and Order Sustaining Objection to Debtor's Exemption of Individual Retirement Accounts entered by the Bankruptcy Court on July 21, 2023. *Compare* R. 4-31 *with* R. 2254-81.

(citation omitted). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003) (internal quotation marks and citation omitted). Conclusions of law and mixed questions of law and fact are reviewed de novo. *Lavie v. Ran* (*In re Ran*), 607 F.3d 1017, 1020 (5th Cir. 2010) (citation omitted); *Cowin v. Countrywide Home Loans, Inc.* (*In re Cowin*), 864 F.3d 344, 349 (5th Cir. 2017) (citation omitted).

## III. ANALYSIS

The Court will first consider Appellant's argument regarding the timeliness of Appellee's objection and then consider Appellant's contention that even if Appellee's objection was timely filed, "the exemptions must still be allowed as [Appellee] failed to meet its burden to prove that the IRAs were improperly claimed as exempt." Appellant's Br. 4-5. The Court finds that Appellee's objections were timely and, accepting the findings of fact of the Bankruptcy Court, concludes that the Bankruptcy Court properly sustained Appellee's objections to the Exemptions.

### A. Timeliness of the Objection

When a petition in bankruptcy is filed and bankruptcy proceedings commence, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541; *McLain v. Newhouse* (*In re McLain*), 516 F.3d 301, 312 (5th Cir. 2008) (citation omitted). To protect the property from creditors, the debtor may then elect to exempt certain items from the bankruptcy estate under applicable state or federal law. *Camp v. Ingalls* (*In re Camp*), 631 F.3d 757, 759-60 (5th Cir. 2011) (citation omitted). Pursuant to Federal Rule of Bankruptcy Procedure 4003(b), a party in interest who disputes an exemption claimed by the debtor must file an objection no later than thirty days after the meeting of creditors. FED. R. BANKR. P. 4003(b).

Section 341 of the Bankruptcy Code provides the statutory basis for holding a meeting of creditors in a bankruptcy case. Section 341(a) provides that following the commencement of a voluntary Chapter 7 bankruptcy case, "the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. §§ 301, 341(a). Federal Rule of Bankruptcy Procedure 2003 governs the commencement and continuance of the meeting. Rule 2003(e) provides that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time. The presiding official shall promptly file a statement specifying the date and time to which the meeting is adjourned."[2] FED. R. BANKR. P. 2003(e).

Whereas some courts have adopted a "bright-line" approach, "holding that if a trustee does not announce a specific date to which the meeting is being continued within 30 days of the last meeting held, the meeting will be deemed to have been concluded on the last date it was convened," the Fifth Circuit has found that "a case-by-case approach is most appropriate." *Peres v. Sherman (In re Peres)*, 530 F.3d 375, 377-78 (5th Cir. 2008).[3] "Such an approach affords a trustee discretion yet restrains a trustee's ability to indefinitely postpone a meeting of creditors. [Thus, a court must] determine whether any delay in reconvening the meeting was reasonable as opposed to enforcing a bright-line rule." *Id.* at 378. The Fifth Circuit articulated four factors for courts to consider "in determining the reasonableness of a trustee's delay in adjourning a meeting of creditors: (1) the length of the delay; (2) the complexity of the estate; (3) the cooperativeness of

---

[2] Rule 2003(e) was amended in 2011. "Subdivision (e) [was] amended to require the presiding official to file a statement after the adjournment of a meeting of creditors or equity security holders designating the period of the adjournment. . . . This requirement [would] provide notice to parties in interest not present at the initial meeting of the date and time to which the meeting has been continued." FED. R. BANKR. P. 2003 advisory committee's note to 2011 amendment.

[3] Appellant contends that *Peres* is not binding or applicable because it predates the 2011 amendment to Rule 2003(e), but Appellant does not point to any provision within the rule that invalidates the case-by-case approach articulated in *Peres* and the Court has not found any. Reply 2-3.

the debtor; and (4) the existence of any ambiguity regarding whether the trustee continued or concluded the meeting." *Id.*

Here, the parties offer competing dates for the conclusion of the Section 341 creditors' meeting. Appellant contends the meeting concluded on May 26, 2021—the date of the last creditors' meeting. *See* Appellant's Br. 11.[4] Appellee contends the meeting concluded on March 9, 2022—the date on which the Trustee entered the notice on the docket ending the meeting. Appellee's Br. 15. Relying on *Jenkins v. Simpson (In re Jenkins)*, 784 F.3d 230 (4th Cir. 2015), Appellant argues that for an adjournment under Rule 2003(e) "to be effective, it **must** be accompanied by an announcement of the adjourned date and time." Appellant's Br. 8-10, 12-13; *see also* R. 1673 (arguing that Rule 2003(e) requires a Section 341 creditors' meeting to be "deemed concluded unless the Trustee announces the adjourned date and time and promptly files a statement specifying the date and time"). In *Jenkins*, the Fourth Circuit considered Rule 2003(e)'s legislative history and concluded that to allow the Trustee to who failed to follow Rule 2003(e)'s clear procedures to later object to the debtor's discharge would allow him to do precisely what Rule 2003(e) seeks to prevent. 784 F.3d at 237-38. The court noted it had "stop[ped] short of adopting the 'bright-line approach,'" but declined to prospectively "impose such a penalty for all possible Rule 2003(e) violations." *Id.* at 238-39 & n.6. In arriving at this conclusion, the Fourth Circuit did not adopt the case-by-case approach used by the Fifth Circuit to determine whether any delay in reconvening the meeting was reasonable.

This Court, bound by *Peres* and not *Jenkins*, must consider the four factors articulated by the Fifth Circuit to determine whether any delay in reconvening the meeting was reasonable. In

---

[4] To the extent Appellant argues the Section 341 creditors' meeting was concluded on August 11, 2020, because it was "never properly adjourned," this contention is belied by the record—specifically, Appellant's participation in the Section 341 creditors' meeting on May 26, 2021. R. 276-84, 1670-84.

doing so, the Court finds that the Section 341 creditors' meeting was concluded on March 9, 2022, and that holding it open until that date was not an unreasonable amount of time.

First, the length of the delay here was approximately ten months, only one month less than the eleven-month delay that the Fifth Circuit found reasonable in *Peres*. 530 F.3d at 378. Second, because Appellant "repeatedly and sporadically withdrew funds from and redeposited them into the Ola account as needed in a haphazard and informal manner," his estate was unusually complex. R. 14 (emphasis omitted). The third factor—the cooperativeness of the debtor—is neutral at best because the Section 341 creditors' meeting was continued to give Appellant time to provide amended documents, including amended financial statements, and the transcript indicates that Appellant was cooperative in that he agreed to provide at least some of the requested documentation. *Id.* at 280-84. As to the fourth factor, there was initially no ambiguity that the Trustee was continuing the Section 341 creditors' meeting until an unknown date and time. *Id.* at 279-80. Notably, the ambiguity arose ten months later when the Trustee next acted. Although the Trustee's docket entry states that the Section 341 creditors' meeting concluded on May 26, 2021, the parties were not notified about the conclusion of the meeting until March 9, 2022. *See id.* at 40. And the email exchange concerning the docket entry later that day revealed that the Trustee "want[ed] [Appellant] to have 30 days from [March 9, 2022, to object]." *Id.* at 261.

Considering these four factors, the Court finds that the Section 341 creditors' meeting was concluded on March 9, 2022, and as a result, Appellee's objections, filed on April 8, 2022, were timely. FED. R. BANKR. P. 4003(b). Accordingly, the Court affirms the Bankruptcy Court's oral pronouncement overruling the timeliness objection and the corresponding note in the Exemption

Order.[5] R. 1685-86. Having concluded that Appellee's objections were timely, the Court need not address Appellee's argument in the alternative that the Bankruptcy Court found the objections timely by using its equitable power under 11 U.S.C. § 105(a) to prevent an abuse of process. *See* Appellee's Br. 28-32.

### B. Merits of the Objection

As the objector, Appellee had the burden in the underlying bankruptcy case to establish by a preponderance of the evidence the Exemptions were not properly claimed. FED. R. BANKR. P. 4003(c). The Court considers whether Appellee met that burden and, like the Bankruptcy Court, concludes it did.

Appellee objected to the Exemptions because Appellant allegedly engaged in "prohibited transactions" under 26 U.S.C. § 408(e)(2)(B) and/or (e)(2)(D).[6] R. 226. Appellee contends that Appellant did so by "lending money or other extension of credit between [the] plan[s] and a disqualified person" and/or by "'transfer[ring] to or, or us[ing] by or for the benefit of, a disqualified person . . . the income or assets of the plan[s]', which caused each of [Appellant's] IRAs to 'cease to be an individual retirement account' pursuant to 26 U.S.C. § 408(e)(2)." *Id.*

On review of the evidence, the Court is not left with a "definite and firm conviction that a mistake has been committed" with respect to the factual findings of the Bankruptcy Court. *In re*

---

[5] In the Exemption order, the Bankruptcy Court noted, " [Appellant] filed a Motion to Alter or Amend Judgment, asserting that this court had failed to address its assertion of untimeliness against [Appellee]'s Objection. This issue was raised and overruled at the hearing held on February 27, 2023. For the reasons stated orally at the February 27 hearing, the court again overrules [Appellant's] untimeliness objection." R. 31.

[6] While Appellee further objected to Appellant's "claim of exemption of the 'earned and contingent commissions due to [Appellant] by Langston Investments, Inc,'" R. 226, the Bankruptcy Court explained that "neither of these objections were featured in the relief requested by [Appellee] in its Amended Objection" and that "other than counsel for [Appellee] mentioning briefly its objection to the commissions and signature authority during opening statements for the Trial, there was no mention of either during the Trial." R. 31 n.78. Accordingly, the Bankruptcy Court did not order any relief regarding those objections, *see id.*, and the Court does not consider them on appeal.

*Dennis*, 330 F.3d at 701 (citation omitted). Accordingly, the Court will defer to the findings of fact

of the Bankruptcy Court. And for the reasons articulated by the Bankruptcy Court in the Exemption

Order, the Court finds that Appellee met its burden of proving by a preponderance of the evidence

that Appellant engaged in "prohibited transactions" under 26 U.S.C. § 4975, and thus, under

26 U.S.C. § 408(e)(2), forfeited his exemption to his IRA funds within the Ola-administered

accounts. R. 14-31.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Exemption Order.

**SO ORDERED.**

SIGNED August 21, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**